UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MOHAMED BARY,                                                    Docket No. CV 02 5202

                             Plaintiff,                           (Trager, J.)

      -against-

DELTA AIR LINES, INC.,

                            Defendant.
------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**SUMMARY JUDGMENT MOTION**


                                          GALLAGHER GOSSEEN FALLER & CROWLEY
                                          1010 Franklin Avenue, Suite 400
                                          Garden City, New York 11530


*Of Counsel:*
*Michael J. Crowley*
*Brian P. Morrissey*

## I. PRELIMINARY STATEMENT

The defendant, Delta Air Lines, Inc., ("Delta") submits this memorandum of law in reply to the opposition memorandum of law submitted on behalf of plaintiff Mohammad Bary.

The plaintiff's opposition memorandum strenuously argues that claims against air carriers pursuant to 42 U.S.C. § 1981 are not expressly preempted. However, that general point is not in dispute. Rather, Delta specifically stated, on page 8 of the moving memorandum of law, that plaintiff's § 1981 claim must fail:

> because plaintiff cannot provide evidence of an intent to discriminate on the basis of race. There is no evidence of any racial animus by any Delta employee or agent. The plaintiff's designation as a "selectee" for purposes of security screening raises no inference of racial overtones because the security procedures in place on November 8, 2001 were part of a federally mandated security screening program.

Plaintiff's opposition fails to provide this Court with necessary evidence of intentional discrimination under a § 1981 claim. Plaintiff's opposition is silent on this threshold point because there is a total absence of evidence in this record to support plaintiff's suspicion of racial or ethnic animus. Delta respectfully submits that based upon this record and applicable case law, there are no material issues of fact, and plaintiff's claim of intentional discrimination should be rejected as a matter of law.

Plaintiff's opposition is likewise insufficient as to Delta's summary judgment request to limit plaintiff's property claim in accordance with Delta's domestic tariff and contract of carriage. On this point, the opposition is simply two paragraphs written by plaintiff's counsel at

pages 17-18 of plaintiff's memorandum of law, wherein counsel contends that the tariff is inapplicable and references the New York Uniform Commercial Code. Those points are unavailing for the following reasons.

## II. DELTA'S DOMESTIC TARIFF IS A VALID LIMITATION ON PLAINTIFF'S CLAIM FOR LOST JEWELS AND GEMS

Delta's moving memorandum of law at page 16 demonstrated that the domestic tariff (Exhibit "H") constitutes "a binding contractual tie and that the limitations on liability apply whether the action sounds in tort or contract." I.L.T.A., Inc., v. United Airlines, Inc., 739 F. 2d 82, 86 (2d Cir. 1984). The I.L.T.A. v. United Airlines case concerned an agreement between a charter company and an air carrier, wherein the United States Court of Appeals for the Second Circuit observed:

> This Court has taken cognizance of general rules that a valid tariff controls the underlying contract between a carrier and a charterer. North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233 (2d Cir. 1978); Tishman & Lipp, Inc., v. Delta Air Lines, 413 F.2d 1401, 1403 (2d Cir. 1969); see also Emery Air Freight Corp., v. United States, 205 Ct. Cl. 49, 499 F2d 1255, 1259 (1974); Slick Airways, Inc., v. United States, 154 Ct. Cl. 417, 292 F.2d 515, 519 (1961).

The case of Tishman & Lipp, Inc., v. Delta Air Lines, cited therein, involved a jeweler's claim of lost merchandise which was limited by tariff. Similarly, Delta's moving memorandum of law cited at page 17 to Feature Enterprises, Inc., v Continental Airlines and International Total Services, Incorporated, a/k/a ITS, Inc., 745 F. Supp. 198 (S.D.N.Y. 1990), which likewise

concerned lost jewelry and a limitation upon the loss. The plaintiff has offered no case cites to the contrary and Delta respectfully submits that the limitation of $2,500.00 must be applied in this case as well.

The plaintiff's opposition is exemplified by the attorney comment offered at pages 4-5 of plaintiff's opposition:

> Plaintiff also <u>suspects</u> that the employees, agents, representatives of the defendant airline taking advantage of the discriminatory practices have committed intentional tort of conversation of the valuable property or may be concluded as loss of valuables handed over to the employees, agents, representatives, associates or/and assignee of the defendant airline who is responsible for the loss due to willful negligence for which defendant is responsible and liable. (Emphases supplied).

These attorney categorizations, including the allegation of "willful negligence", are unsupported speculation relevant to the valuation of plaintiff's property and the circumstances in which plaintiff checked baggage containing the alleged valuables. In any event, attorney affirmances made without personal knowledge represent hearsay and such statements are not to be considered on a summary judgment motion. <u>The Great Atlantic & Pacific Tea Company, Inc. v. The Town of East Hampton and The Town Board of East Hampton</u>, 997 F. Supp. 340 (E.D.N.Y. 1998).

Plaintiff offers no valid opposition to Delta's demonstration that plaintiff's property claims herein are limited by the applicable domestic tariff. The plaintiff himself submits no affidavit in support of the asserted claims. This omission is glaring with respect to plaintiff's failure to refute Delta's demonstration that, to date, plaintiff has only reimbursed the Sri Lankan

vendors the total sum of $13,847.76. More than six years has elapsed since the underlying incident, and presumably any statute of limitations against this plaintiff for claims from the Sri Lankan vendors has expired. On this record, a recovery by plaintiff of hundreds of thousands of dollars for lost jewels and gems appears to be a windfall.

### III. NO MATERIAL QUESTION OF FACT AS TO INTENTIONAL DISCRIMINATION

At the outset of this case in 2002, it was demonstrated to this Court that plaintiff improperly relied upon pleadings from a matter then pending in California, (Bayaa and American-Arab Anti-Discrimination Committee v. United Air Lines, Inc.), which concerned a passenger's removal from a flight. Now, in opposition to Delta's summary judgment motion, the only exhibit annexed to plaintiff's opposition is a memorandum and order dated December 10, 2002 from the United States District Court for the Northern District of California (Charles R. Breyer, J.) in the matter of Chowdhury v. Northwest Airlines, Corp., which considered the defendant's Rule 12(b)6 motion to dismiss a denied boarding claim. Just as plaintiff improperly inserted the allegations from Bayaa into this case at the outset, plaintiff now includes a decision from another denied boarding case. Just as with the earlier allegations referencing the Bayaa matter, the Chowdhury case is similarly distinguishable from this matter. Plaintiff Mohammad Bary was not denied boarding. Plaintiff Mohammed Bary was indeed flown to Cleveland and then to Denver.

The plaintiff's testimony is that plaintiff arrived at LaGuardia Airport approximately four hours before his scheduled flight on November 8, 2001, and approached Delta's terminal counter with a request to switch to an earlier flight. That request was accommodated. Plaintiff's counsel's reference in the above excerpted paragraph concerning suspicion of "defendant airline taking advantage" is belied by the record, and is commentary admittedly based upon mere suspicion.

At page 6 of the opposing memorandum, plaintiff pronounces the two Delta witnesses to be "neither credible nor reliable". Plaintiff's counsel apparently bases that position upon plaintiff's summary of testimonies in which "one witness states that she booked both the baggage as checked in luggage and the other witness states under oath that plaintiff carried his baggage in the cabin."

Ms. Hall stated that plaintiff's designation as a "selectee" required his luggage to be hand searched and that it was her understanding that selectees could not take baggage on board the aircraft (Exhibit "D", pgs. 24 and 38). Ms. Hall generated two baggage tags, but she was not present at the separate screening of the luggage containing jewels and gems. After plaintiff Bary departed from the counter area, she does not recall him coming back to her work station (Exhibit "D", pg. 43)   It is noteworthy that plaintiff does not specify any statements by Ms. Hall which suggest or evidence an intent to discriminate against plaintiff Bary. The plaintiff's characterization at deposition was that "...I ask her can you book me -- can you get me to go on the earlier flight, she didn't say anything. After a while, she said step aside. Your bags has to

be searched and follow me" (Exhibit "C", pg. 82). To the extent that Ms. Hall is alleged to have informed plaintiff that he could not bring carry-on luggage on board the aircraft, there are nevertheless no specific statements or acts alleged by plaintiff to evidence racial or ethnic animosity towards plaintiff. The record demonstrates that Delta's employees acted in a manner consistent with their passenger check-in and security screening functions, with no intent to deprive plaintiff Bary of the benefits of his contract of carriage. The plaintiff's contention that because he was unable to bring a piece of carry-on luggage on board the aircraft, he was therefore forced to relinquish his expensive jewelry in the luggage, itself strains credulity. However, on this motion, it need only be observed that plaintiff's allegation, when credited, still does not raise a material question of fact as to an intent to discriminate by Ms. Hall or any other Delta employee.

Mr. Wlodarczyk recalled that security directives in place at that time were that "selectees needed to have their bags hand searched" and that plaintiff Bary was reluctant to have his luggage hand-searched (Exhibit "E", pgs. 13 and 23). After plaintiff's luggage containing the jewels and gems was hand-searched, plaintiff Bary took the luggage and "walked away from the screening area to the gate area" (Exhibit "E", pgs. 20 and 21). Again, plaintiff Bary does not allege that Mr. Wlodarczyk spoke to, or acted towards plaintiff in a manner inconsistent with his job functions or indicative of an intent to discriminate and/or deprive plaintiff of the benefits of his contract.

The plaintiff therefore cannot establish a prima facie case of discrimination. It is undisputed that Ms. Hall spoke no racially offensive words. Further, plaintiff only discovered the alleged loss on the day following the two flights, and he confirmed at deposition that his earliest correspondence to Delta about his property claim made no mention of discrimination (Exhibit "C", pgs. 117 - 119). Even when asked directly at deposition about his claim of discrimination by Delta, plaintiff responded only that his perception was because "I look like an Arab, an Asian, and I'm a Muslim, and I was singled out and I was not allowed with my carry on..." (Exhibit "C", pg. 123). However, that testimony still does not raise direct or indirect evidence of intentional discrimination by Ms. Hall or any other Delta employee. And now, in opposition to this motion, plaintiff has not submitted any other evidence of intentional discrimination. This is not a case such as <u>Sawyer v. Southwest Airlines Co.</u>, 145 Fed. Appx. 238, 2005 U.S. App. LEXIS 16948 (10th Cir. Kan. 2005) where a passenger claimed that an employee's particular comment was a racist reference.

There is no material question of fact demonstrated by plaintiff that Ms. Hall or any other Delta employee carried out their screening functions in a discriminatory manner. Ms. Hall had no discretion at all as to the designation of plaintiff as a selectee, and plaintiff concedes that on his other prior flights in between September 11, 2001 and November 8, 2001, his luggage was similarly subject to hand-search.

Delta has otherwise come forward with evidence of legitimate, non-discriminatory reasons for its actions, i.e. the federally mandated security program that required the luggage of

a passenger designated "selectee" to be hand-searched. As Mr. Wlodarczyk testified, security directives at that point in time required that all selectees have their luggage hand-searched. As to plaintiff's allegation that Ms. Hall directly caused plaintiff's luggage to be checked, the legitimate non-discriminatory reason for Ms. Hall's response is as she testified: that it was her understanding at that time that a selectee could not bring carry-on luggage on board the aircraft.

As demonstrated in Delta's moving memorandum, there is in this district a three-part, case-by-case analysis used to determine whether the air carrier activity at issue is a service for purposes of preemption analysis. Delta submits that this matter meets that three part test because security screening of all luggage is a service that directly affects the airline, and the alleged underlying tortuous conduct was reasonably necessary to the provision of that service. Consequently, plaintiff's negligence claim is preempted.

## CONCLUSION

Local Civil Rule 56.1 (a) requires that a motion for summary judgment shall be accompanied by a short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Subsections (b) and (c) therein require the party opposing the motion to provide a similar statement of material facts as to which it is contended there exists a genuine issue to be tried, and that the statements served by the moving party will be deemed admitted for purposes of the motion unless specifically controverted.

Delta served a Rule 56.1 Statement and plaintiff has not served an opposing statement controverting those statements. Statement number 8 is that "On November 8, 2001, Delta operated in accordance with a federal security screening program" and statement number 9 is that "On November 8, 2001, Delta's domestic tariff limited claims for lost items and luggage to $2,500.00". Plaintiff's apparent admission of those facts, together with the record submitted on this motion, and the case law cited to this Court, provides the necessary basis for this motion to be granted.

The plaintiff's bailment claim for lost or pilfered luggage is limited by tariff to $2,500.00. Separately, plaintiff's claims of intentional discrimination pursuant to 42 U.S.C. § 1981 fails as a matter of law. Plaintiff's opposition does not refute the demonstration in Delta's moving memorandum as to the appropriateness of summary judgment dismissing the plaintiff's claims pursuant to 42 U.S.C. § 2000(d) or New York Civil Rights Law § 1909, and the plaintiff's claim of negligence is without factual support in the record and preempted.

Dated: Garden City, New York
October 24, 2008

> GALLAGHER GOSSEEN
> FALLER & CROWLEY
>
> By: _____
> **MICHAEL J. CROWLEY (MC/2821)**
> **BRIAN P. MORRISSEY (BPM/1699)**
> A Member of the Firm
> *Attorneys for the Defendant*
> **DELTA AIR LINES, INC.**
> 1010 Franklin Avenue
> Garden City, NY 11530-2927
> (516) 742-2500

TO:     Sanjay Chaubey, Esq.
**LAW OFFICE OF SANJAY CHAUBEY**
*Attorney for Plaintiff*
Empire State Building
350 Fifth Avenue, Ste. 5013
New York, NY 10118
(212) 563-3223
**Attorney I.D. No. (SC-3241)**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                  ) ss.:
COUNTY OF NASSAU   )

Kristin Cooper, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at Glen Oaks, New York.

On October 24, 2008, deponent served the within **REPLY MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT MOTION** upon:

> **Sanjay Chaubey, Esq.**
> **Law Office of Sanjay Chaubey**
> *Attorney for Plaintiff*
> **Empire State Building**
> **350 Fifth Avenue, Ste. 5013**
> **New York, NY 10118**

being the addresses designated by said attorneys/parties for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
KRISTIN COOPER

Sworn to before me this
24th day of October, 2008.

_____
Notary Public

LORETTA D'ANNA
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY
LIC. #01DA6033910
COMM. EXP. DEC. 6. 20__

-11-