**LAW OFFICES OF**
**SANJAY CHAUBEY**

The Empire State Building
350 Fifth Avenue, Suite 5013
New York, NY 10118-5013

Phone:   (212) 563-3223
Fax:       (212) 563-4534
E-mail: chaubey@aol.com

October 2, 2009

**VIA ECF & FACSIMILE (718) 613-2518**

Honorable David G. Trager
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:**     **Mohamed Bary v. Delta Air Lines, Inc.**
        **Docket No.:**  **02 CV 5202 (Trager, J.) (Go, M.J.)**

Dear Judge Trager:

      I represent Plaintiff Mohamed Bary in the captioned matter and I am writing this letter in opposition to supplemental affidavit dated September 25, 2009 submitted by David A. Seiler, Esq., representing defendant regarding Tariff. I also object to submission of letter dated September 28, 2009 along with the enclosures submitted therein, unless it was required by the honorable court.

      Honorable court is well aware of the fact that the motion was fully submitted as far back as on October 24, 2008 and the parties are awaiting decision. Nonetheless, this office submitted copies of the electronic air ticket on instruction of the honorable court. Submission of those documents does not provide opportunity to defendant to file supplemental affidavits and additional materials to a fully submitted motion.

      In the event, the honorable court is of the opinion that submission of supplemental affidavit and documents submitted by defendant's attorney are acceptable, plaintiff objects the contents on the following grounds:

1. The affidavit of David A. Seiler, Esq. provides the policy and guideline only and does not provided any factual detail or documentation showing that 'in fact' the electronic ticket issued was re-ticketed upon arrival at LaGuardia Airport. If the electronic ticket was re-ticketed, how plaintiff still had the electronic ticket? Plaintiff has also filed boarding authority card issued to plaintiff by defendant which also says page "01 of 01". In other words, not stating any attachments or other pages included with the boarding ticket. Further the affidavit of Mr. Seiler describes procedures of the defendant but does not shed any light whether they were complied with. In paragraph 6 of

1

his affidavit, he further provides written notification that baggage liability is *"limited to $2500 per ticketed passenger unless a higher value (for checked baggage) is declared in advanced and additional charges are paid"*. In this regard, it is submitted that the parenthesis states for checked baggage whereas plaintiff's entire case is that he was carrying gems and jewelry in the hand baggage intended to be carried in the cabin instead of checking it in as checked baggage. The complaint of plaintiff is that upon inspection of the hand baggage, defendants compelled him to book them as checked baggage. Therefore, the whole crux of the matter is that defendant airline knowingly forced plaintiff to put all his gems and jewels in the checked baggage and thereafter, lost the same. The limited liability clause as stated by defendant is for the regular course of business and ordinarily checked baggage. This is a case where serious allegations of discriminatory practices are alleged against the defendant based on plaintiff's race, origin, nationality and religion. Plaintiff was subjected to different standards and treatment from not allowing him to carry his gems and jewels in his personal possession in the cabin like any other passenger on the defendant's aircraft.

In conclusion, firstly we object to post submission materials and secondly we object to content, relevance and applicability of such materials on the plaintiff and his case.

Thank you,

Respectfully,

/s/ Sanjay Chaubey, Esq.
Sanjay Chaubey, Esq. (SC-3241)
*Attorney for the Plaintiff, Mohamed Bary*

CC:   **Via ECF**

      Honorable Magistrate Judge Marilyn D. Go
      United States Courthouse
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, NY 11201

      Gallagher Gosseen Faller & Growley
      Attorney for Defendant
      1010 Franklin Avenue, Suite 400
      Garden City, New York 11530-2927
      Fax: (516) 742-2516